| | |
|---|---|
| 1 | Dawn M. Maguire-Bayne, State Bar #20368 |
| | Christen N. Carns, State Bar #26211 |
| 2 | **ALLEN, SALA & BAYNE, PLC** |
| | 1850 N. Central Ave., Suite 1150 |
| 3 | Phoenix, Arizona 85004 |
| | Ofc: (602) 256-6000 |
| 4 | Fax: (602) 252-4712 |
| | Email: dbayne@asbazlaw.com |
| 5 | |
| | Attorneys for Trustee Constantino Flores |
| 6 | |

**UNITED STATES BANKRUPTCY COURT**

**DISTRICT OF ARIZONA**

| | |
|---|---|
| In re: | Chapter 7 |
| DALE M. FINCK, | Case No. 2:10-bk-31123-EPB |
| Debtor. | **MOTION TO APPROVE STIPULATION FOR SETTLEMENT AND COMPROMISE OF CLAIM PURSUANT TO FED.R.BANKR.P. 9019** |

Constantino Flores, the Chapter 7 Trustee in the above-captioned case ("Trustee"), by and through undersigned counsel, hereby moves this Court for an order approving the *Stipulation for Settlement and Compromise of Claim Pursuant to Fed.R.Bankr.P. 9019* ("Stipulation") entered into between the Trustee and Dale M. Finck. A true and correct copy of the Stipulation is attached hereto as **Exhibit "A"** and is incorporated herein by this reference. The Trustee asserts that approval of the Stipulation is in the best interests of the bankruptcy estate.

The Trustee requests that the Court utilize a "negative notice" procedure in which interested parties have a twenty-one (21) day period to file objections. If no objections are filed, the Trustee would then be authorized to lodge an Order approving the Stipulation. If an objection is filed, the Trustee will request that a hearing be held before the Court.

Approval of the Stipulation will allow the bankruptcy estate to receive $5,000.00 for the benefit of the creditors of this estate and will further save the estate the expense, inconvenience, and delay of litigation. The approval of a settlement agreement negotiated by a trustee is governed by the standards set forth by the Ninth Circuit in *In re Woodson*, 839 F.2d 610 (9th Cir. 1988). In *Woodson*, the Court identified the following factors as being necessary to determine

whether a settlement is in the estate's best interests:

    a.    The probability of success in the litigation;
    b.    The difficulties of collection;
    c.    The complexities of litigation and the expense, inconvenience and delay caused by such litigation;
    d.    The interest of the creditors with reasonable deference to their reasonable views.

*Woodson*, 839 F.2d at 620. The Trustee respectfully submits that the Stipulation meets the *Woodson* factors. Both parties recognize that they have competing claims and acknowledge that if this matter is litigated, both parties will incur substantial litigation costs. Approval of the Stipulation will allow a distribution to creditors in this case. Given these circumstances, approval of the Stipulation is in the best interests of the creditors.

      **WHEREFORE**, the Trustee respectfully requests that the Court enter an Order approving the Stipulation upon utilization of a "negative notice" procedure in which interested parties have a twenty-one (21) day period to file objections.

DATED: April 9, 2013

**ALLEN, SALA & BAYNE, PLC**

*/s/ DMMB 20368*
Dawn M. Maguire-Bayne
Christen N. Carns
1850 N. Central Ave., Suite 1150
Phoenix, Arizona 85004
Attorneys for Trustee Constantino Flores

COPY of the foregoing electronically delivered by the ECF system on
April 9, 2013 to:

United States Trustee
230 North First Avenue, Ste 204
Phoenix AZ 85003-1706

Constantino Flores
P.O. Box 511
Phoenix, AZ 85001-0511
*Chapter 11 Trustee*

///

///

///

1 | COPY of the foregoing mailed on
April 9, 2013 to:
2 |
Dale M. Finck
3 | 34 E. Cactus Wren Drive
Phoenix, AZ 85020
4 | *Debtor*

5 | Hal Campbell
CAMPBELL & COOMBS PC
6 | 1811 S. Alma School Road, Suite 225
Mesa, AZ 85210
7 | *Attorney for Debtor*

8 | */s/ Monica Baca*